USCA1 Opinion

 

 May 31, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2262 CARLOS DECLET, Plaintiff, Appellant, v. CONFEDERATION LIFE, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Lynch, Circuit Judges. ______________ ____________________ Arturo Aponte Pares and Peter John Porrata on brief for _____________________ ____________________ appellant. Manuel Moreda-Toledo and McConnell Valdes on brief for appellee. ____________________ ________________ ____________________ ____________________ Per Curiam. Having carefully reviewed the record in ___________ this case, including the briefs of the parties, we affirm the grant of summary judgment to defendant/appellee Confederation Life Insurance Company of Canada. According to the undisputed statement of facts, the decedent made material misstatements as to the condition of her health in her August 1992 application for reinstatement of her life insurance policy. By the terms of the policy, such material misstatements made the policy voidable at the option of Confederation during the two year contestability period, which option Confederation exercised in February 1993. Moreover, according to the clear language of the application, no statement relative to the insured's health could be deemed communicated to Confederation unless set out in the evidence of insurability submitted with the application itself. Consequently, even if appellant did orally communicate the state of decedent's health to an agent of Confederation in 1991, Confederation would have had no duty to investigate, absent some evidence submitted with the application. Since no such evidence was submitted, Confederation was within its legal right in rescinding the policy.1 1 Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___  ____________________ 1Appellant's claim that Confederation was reluctant to 1 provide him with all relevant discovery material was not raised below and thus will not be heard on appeal. -2-